UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHNNY ENG,

                              Petitioner,                    9:05-CV-0141
                                                              (LEK)(DEP)
          v.

D.B. DREW, Warden, FCI Raybrook,

                              Respondent.

---

APPEARANCES:

JOHNNY ENG
Petitioner, pro se
27618-054
FCI Ray Brook
P.O. Box 9006
Ray Brook, New York 12977

LAWRENCE E. KAHN, United States District Judge

## DECISION and ORDER

### I.    Background

      Presently before the Court is a petition for habeas corpus brought by Johnny Eng

("Petitioner") pursuant to 28 U.S.C. § 2241 together with an application to proceed *in*

*forma pauperis* and a motion to transfer.  Dkt. Nos. 1-3.[1]

      Petitioner, who is confined at the Federal Correctional Institution at Ray Brook,

New York, brings this action to challenge a sentence imposed by the United States

District Court for the Eastern District of New York.  Petitioner was sentenced on March

---

      [1]  The petition is comprised of three separate documents attached to each other.
The first two documents comprise the actual petition. The third document is an
appendix.  For ease of reference, the Court will refer to the first two documents as one
submission, beginning at page 1 and ending at page 51.

18, 1993 to concurrent terms of 151 months and 292 months imprisonment.  Dkt. No. 1

at 2.  Petitioner's conviction and sentence were thereafter affirmed by the United States

Court of Appeals for the Second Circuit.  *Id*. at 14-15, *see also United States v. Eng*, 14

F.3d 165 (2d Cir.), *cert denied*, 513 U.S. 807 (1994).  According to Petitioner, he filed a

motion, pursuant to 28 U.S.C. § 2255 in the sentencing court, which that court denied

on January 26, 1998. Dkt. No. 1 at 15-16.

     In support of this petition, Petitioner asserts that he is entitled to a new trial

and/or resentencing.  Petitioner claims that his Sixth Amendment right to confront

witnesses was violated when the trial court admitted certain testimonial statements

against him without an opportunity for cross-examination and that the decision of the

United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354

(2004)[2] establishes his right to a new trial.  Dkt. No. 1 at 24-31.  Petitioner also claims

that his sentence is unconstitutional under *Blakely v. Washington*, __ U.S. __, 124 S.Ct.

2531 (2004).[3]  Finally, Petitioner claims that the sentencing court enhanced his

sentence based upon facts which were not admitted by Petitioner, nor found by a jury

beyond a reasonable doubt.  Dkt. No. 1 at 46.  Relying on the recent decision of the

United States Supreme Court in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738

---

[2] The Supreme Court held in *Crawford* that the Sixth Amendment bars admission of out-of-court testimonial statements made by a declarant who does not testify at trial unless the declarant is unavailable and the defendant previously had the opportunity to cross-examine the declarant.  *Crawford*, 541 U.S. at 68-69.

[3] *Blakely* held that the Sixth Amendment bars sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  *Blakely*, __ U.S. __, 124 S.Ct. at 2537.

(2005),[4] Petitioner asserts that these enhancements violate his Sixth Amendment right to a jury trial, and that he is therefore entitled to resentencing.  Dkt. No. 1 at 46-51.[5]

## II.     Discussion

### A.     Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004);  *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  That right, however, is not unlimited.  Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion.  In pertinent part, this statute provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

[4] In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent."  *Booker*, __ U.S. __, 125 S.Ct. at 746.

[5] Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). A federal prisoner, however, generally may not seek relief from his conviction or sentence pursuant to a § 2241 petition.

### B.    Section 2255's savings clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack a federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).[6] In other words, this

---

[6] However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255

(continued...)

-4-

interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions."  *Triestman*, 124 F.3d at 377.  Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review.  *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[7]

### C.    Petitioner's claims

Petitioner asserts Sixth Amendment claims in support of the petition.  Petitioner claims that grand jury testimony given by a Drug Enforcement Agent was admitted against Petitioner at trial without Petitioner having been afforded an opportunity to

---

[6](...continued)
motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire."*); Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[7] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few . . . .'"  *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378).  The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'"  *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

cross-examine this witness in violation of the Sixth Amendment's Confrontation Clause. Dkt. No. 1 at 24-27. Petitioner also argues that the sentencing court enhanced his sentence based upon facts which were not admitted by Petitioner, nor found by a jury beyond a reasonable doubt in violation of his Sixth Amendment right to a jury trial. These assertions clearly challenge the imposition of his sentence and not its execution. Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

In his petition, Petitioner acknowledges that he previously filed a § 2255 motion in the United States District Court for the Eastern District of New York, which that court denied. *See* Dkt. No. 1 at 15-16. Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives the Second Circuit's permission to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim that he sought the necessary certification from that court; instead, he merely states that he believes that the Second Circuit will not grant him permission to file a second § 2255 motion because "his claim is not based on either newly discovered evidence, or a new rule of constitutional law 'made retroactive by the Supreme Court.'" Dkt. No. 1 at 7.[8]

The Court agrees with Petitioner's assessment of his chances of prevailing before the Second Circuit on these issues. The Second Circuit has ruled that *Crawford* does not apply retroactively to cases, like this one, on collateral review. *Mungo v.*

---

[8] The Court notes that, even if the Second Circuit were to certify a second or successive § 2255 motion, this Court would lack jurisdiction to entertain that motion because a petitioner must file such a motion in the sentencing court. *See* 28 U.S.C. § 2255.

-6-

*Duncan*, 393 F.3d 327, 336 (2d Cir. 2004); *see also Garcia v. United States*, No. 04-CV-0465, 2004 WL 1752588, at *4 (N.D.N.Y. Aug. 4, 2004) (McAvoy, D.J.).[9]  The Second Circuit has reached the same conclusion with respect to *Blakely.*  See *Green v. United States*, 397 F.3d 101 (2d Cir. 2005).[10]  Additionally, the Second Circuit has also held that *Booker* does not apply retroactively to cases that have reached final resolution.  *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005)*; see also Mincone v. United States*, 353 F. Supp. 2d 316, 318 (N.D.N.Y. 2005) (Munson, J.); *United States v. Reyes*, No. 90-CR-584-01CSH, 2005 WL 427578 *1 (S.D.N.Y. Feb. 23, 2005).[11]

In light of his recognition that it is unlikely that a second or successive § 2255 motion is available to address his claims, Petitioner seeks to invoke § 2255's savings clause as the jurisdictional basis for his current § 2241 petition.  In this case, however, nothing in Petitioner's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention.  Moreover, although

---

[9]  Other Circuits have also held that *Crawford* is not retroactive to cases on collateral review.  *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005); *Murillo v. Frank*, No. 04-2202, 2005 WL 736260, *3 (7th Cir. Apr. 1, 2005); *Brown v. Uphoff*, 381 F.3d 1219, 1226-27 (10th Cir. 2004); *Hiracheta v. Attorney General of State of California*, 105 Fed.Appx. 937, 938, 2004 WL 1801730, *1 (9th Cir. 2004) .

[10]  *See also In Re: Will C. Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (*Blakely* not retroactive to cases on collateral review); *Cuevas v. C.J. DeRosa*, 386 F.3d 367 (1st Cir. 2004) (same); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (same).

[11]  Likewise, courts in other circuits that have addressed the issue have concluded that *Booker* does not apply retroactively to cases on collateral review.  *See, e.g Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Comarovschi*, No. CRIM.A.3:03 CR 00127, 2005 WL 605784 *2 (W.D. Va. Mar. 15, 2005).

it appears that § 2255's remedy is unavailable to Petitioner, that alone does not

establish that this remedy is inadequate or ineffective.  Furthermore, this Court

concludes that its denial of Petitioner's request to proceed under § 2255's savings

clause does not raise a "serious constitutional question."  *Love*, 333 F.3d at 73.[12]

Therefore, the Court finds that § 2255's savings clause does not apply to this case, and

this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[13]

Finally, the Court notes that in *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme

Court considered the question of whether new rules of constitutional law apply

---

[12] The Court finds support for this conclusion in the Second Circuit's decision in *Love*, in which it concluded that foreclosing an *Apprendi* challenge under § 2255's savings clause did not raise a serious constitutional question.  Quoting the Eighth Circuit, the *Love* court stated that

> [w]e believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source.  [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

*Love*, 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert. denied*, 537 U.S. 869, 123 S. Ct. 275, 154 L. Ed. 2d 117 (2002)) (footnote omitted).

Likewise, in this case, because *Booker* has not been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his Sixth Amendment *Booker* claim; rather, it is the unavailability of the *Booker* claim itself.

[13] Alternatively, even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition.  *See* 28 U.S.C. § 2255.

retroactively to second or successive petitions and concluded that "a new rule is not 'retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive.**" *Id.* at 663 (emphasis added) (footnote omitted).  Thus, until the Supreme Court holds that *Crawford* and/or *Blakely* and/or *Booker* apply retroactively to cases on collateral review, Petitioner cannot raise challenges based thereon as a basis for a second or successive § 2255 motion or a § 2241 petition.  Accordingly, the Court dismisses Petitioner's petition without prejudice.[14]

>    **D.    *In forma pauperis* application and request to transfer**

Petitioner requests *in forma pauperis* status and asks this Court to transfer this petition to the Eastern District of New York.  In light of the dismissal of the petition, these requests are denied as moot.

**III.    Conclusion**

>    **WHEREFORE**, it is hereby

>    **ORDERED**, that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE**; and it is further

>    **ORDERED**, that Petitioner's *in forma pauperis* application is **DENIED AS MOOT**; and it is further

>    **ORDERED**, that Petitioner's motion to transfer is **DENIED AS MOOT**; and it is

---

[14] The Court notes that, if the Supreme Court subsequently holds that either *Crawford*, *Blakely*, or *Booker* applies retroactively to cases on collateral review, Petitioner may move for the appropriate relief at that time.

further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Petitioner.

DATED:       April 20, 2005
             Albany, New York

Lawrence E. Kahn
U.S. District Judge